UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED APR 10 2008

| | | |
|---|---|---|
| REBECCA A. ROLFES, | * | CR. 08-4005 |
| | * | MEMORANDUM OPINION |
| Petitioner, | * | AND ORDER FOR |
| | * | SUMMARY REMAND |
| v. | * | |
| | * | |
| STATE OF SOUTH DAKOTA, | * | |
| DAVID V. NATVIG, | * | |
| DORIS JUHNKE, | * | |
| | * | |
| Respondents. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Rebecca A. Rolfes, has filed a document entitled "Notice of Verified Petition and Verified Petition for Warrant of Removal and Counterclaims and Request fro Preliminary Injunction." Doc. 1. Pursuant to 28 U.S.C. § 1446(4) this Court has carefully examined this pleading and has considered the applicable law, and for the reasons set forth in this opinion, is ordering a summary remand.

28 U.S.C.A. § 1446 (a) requires a defendant desiring to remove a criminal prosecution from a State court to file in the district court "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Petitioner has not submitted any state court documents and states that she is "proceeding on the basis of the presumption that the South Dakota state court record will be made available to this Court upon Notice and Demand for Mandatory Judicial Notice." Petitioner should not have made this presumption. Although the Court can glean from the pleadings that Petitioner is a defendant in a criminal case before Judge Bruce Anderson in State court in Brule County, South Dakota, there is no information in Petitioner's Notice of Removal as to the offense or offenses charged or as to the factual allegations in support of the offense or offenses charged.

It appears that Petitioner is proceeding under 28 U.S.C, § 1443, which provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> >
> > (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The United States Supreme Court has held that removal under 28 U.S.C, § 1443(2) is available only to Federal officers and those persons assisting the federal officers in the performance of their official duties. *See City of Greenwood v. Peacock,* 384 U.S. 808, 815 (1966). Petitioner has made no claim that would render this subsection available to her in these proceedings.

For a petitioner to remove a state court action under 28 U.S.C. § 1443(1), her removal petition must "allege, not merely that rights of equality would be denied or could not be enforced, but that the denial would take place in the courts of the State." In addition, the denial of equality must be manifest in a formal expression of state law, primarily, if not exclusively from the Constitution or laws of the State. *State of Georgia v. Rachel*, 384 U.S. 780, 803-804 (1966). It is not sufficient to allege that a defendant's federal equal civil rights have been denied by state administrative officials, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in the state court in which she is being prosecuted. *See City of Greenwood,* 384 U.S. at 827.

Petitioner complains that the trial judge in State court has committed a number of errors, such as denying her request for a Bill of Particulars and failing to monitor the complaint for statements of subject matter jurisdiction. Even if Petitioner were correct in her assessment of the trial court's actions, the Supreme Court has stated, "The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial."*See City of Greenwood,* 384 U.S. at 828. The State court appellate process is available to address the alleged

errors recited in Petitioner's removal notice. Although Petitioner has made some general allegations of denial of due process, she has not identified any denial of equality which is manifest in a formal expressions of state law. The allegations of Petitioner's removal notice therefore do not meet the requirements of 28 U.S.C. § 1443(1). Accordingly,

IT IS ORDERED that the above action is remanded to the State court from which it arose.

Dated this 10th day of April, 2008.

BY THE COURT:

*Lawrence Piersol*

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
(SEAL) DEPUTY

3